IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00773-GPG

MICHAEL ROY CRAVEN, JR.,

    Plaintiff,

v.

LT. TAMMY L. VIENOT,
TERRI B. WOOD,
RHONDA L. SIMMONS, and
ARAPAHOE COUNTY SHERIFF'S DEPUTY CARTER (#07064),

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Michael Roy Craven, Jr., is an inmate at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Craven initiated this action by filing *pro se* a Complaint (ECF No. 1). On June 16, 2015, he filed on the proper form a Prisoner Complaint (ECF No. 11). Mr. Craven appears to assert one claim for relief pursuant to 42 U.S.C. § 1983 contending his Fifteenth Amendment right to vote was violated in November 2014. He seeks damages as well as declaratory and injunctive relief.

    The court must construe the Prisoner Complaint liberally because Mr. Craven is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Craven will be ordered to file a second amended complaint if he wishes to pursue his claim in this action.

The Prisoner Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Craven alleges he was unable to vote in November 2014 because his voter registration form was mishandled by mailroom personnel at the Arapahoe County Detention Facility.  He fails to provide a short and plain statement of a constitutional claim showing he is entitled to relief because he fails to allege specific facts that demonstrate his right to vote intentionally was violated.  *See Daniels v. Williams*, 474 U.S. 327, 333 (1986) (noting that "injuries inflicted by governmental negligence are not addressed by the United States Constitution").

Mr. Craven also fails to allege specific facts that demonstrate each Defendant personally participated in the asserted constitutional violation. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

Mr. Craven also fails to provide a short and plain statement of a constitutional claim against Defendants in their official capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978). Therefore, Mr. Craven's claim against Defendants in their official capacities must be construed as a claim against Arapahoe County. However, Mr. Craven cannot state a cognizable claim for relief against Arapahoe County unless he demonstrates he suffered an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185,

1202 (10th Cir. 2010).  Mr. Craven does not provide a short and plain statement of any claim against Arapahoe County that demonstrates he is entitled to relief.

Mr. Craven will be ordered to file a second amended complaint that clarifies the constitutional claim he is asserting and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Finally, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  Accordingly, it is

ORDERED that Mr. Craven file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Craven shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Craven fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED June 22, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge