IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00773-GPG

MICHAEL ROY CRAVEN, JR.,

    Plaintiff,

v.

LT. TAMMY L. VIENOT,
TERRI B. WOOD,
RHONDA L. SIMMONS, and
ARAPAHOE COUNTY,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Michael Roy Craven, Jr., is an inmate at the Arapahoe County Detention Facility in Centennial, Colorado.  Mr. Craven initiated this action by filing *pro se* a Complaint (ECF No. 1).  On June 16, 2015, Mr. Craven filed on the proper form a Prisoner Complaint (ECF No. 11).  On June 22, 1015, Magistrate Judge Gordon P. Gallagher ordered Mr. Craven to file a second amended complaint that clarifies the claims he is asserting.  On July 27, 2015, Mr. Craven filed a second amended complaint (ECF No. 14) pursuant to 42 U.S.C. § 1983.

    Mr. Craven has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Therefore, the Court must dismiss the action if Mr. Craven's claims are frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28

(1989). For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the second amended complaint liberally because Mr. Craven is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Craven alleges he was unable to vote in November 2014 because his voter registration form was not processed properly at the Arapahoe County Detention Facility. He specifically claims his constitutional right to vote was violated because,

> [a]fter returning my signed and dated voter registration form, upon following all directions given to me from 10/10/2014 to 10/17/2014 by property tech Rhonda L. Simmons, [the voter registration form] was mishandled and not processed properly, then returned to my on 10/28/1[4] with a note from Julie the facilit[y] librar[ia]n stating she was not responsible for processing my voter registration form.

(ECF No. 14 at 5.) Mr. Craven alleges that the voter registration form should not have been sent to the library and that Lt. Tammy L. Vienot later apologized for the confusion and miscommunication from her staff regarding the voter registration form. Mr. Craven also claims he was denied due process because Defendants negligently deprived him of his "political liberty." Mr. Craven finally asserts a failure to train claim in which he alleges "[i]t was Lt. Vienot's supervisory responsibility to ensure her staff was properly

trained in the handling and processing [of] [i]nmate [v]oter [r]egistration forms." (*Id.* at 7.)

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Mr. Craven's claims in the second amended complaint lack merit because the facts he alleges do not rise to the level of a federal constitutional violation. Instead, his allegations that jail personnel mishandled and failed to process his voter registration form properly amount to no more than a claim of negligence. As Magistrate Judge Gallagher noted in the order directing Mr. Craven to file a second amended complaint, "injuries inflicted by governmental negligence are not addressed by the United States Constitution." *Daniels v. Williams*, 474 U.S. 327, 333 (1986). Therefore, the constitutional claims are legally frivolous and must be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  3rd  day of   August  , 2015.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court